```
 1
 2
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  RAQUEL BRADSHAW and ROBERT C.    )
    BRADSHAW, individually and as    )   2:09-cv-01059-GEB-JFM
12  decedent Kristian Bradshaw's     )
    successors in interest,          )
13                                   )
              Plaintiffs,            )
14                                   )   ORDER IMPOSING A SANCTION
         v.                          )
15                                   )
    THE UNITED STATES, and DOES 1    )
16  through 50, inclusive,           )
                                     )
17            Defendants.            )
                                     )
18
```

Plaintiffs and their counsel were issued an Order to Show Cause ("OSC") on July 20, 2009, which required an explanation why a sanction should be not imposed for Plaintiffs' failure to file a timely status report. Plaintiffs' counsel responded to the OSC stating in essence when he realized he could not file a joint status report with the United States, "Plaintiffs' counsel attempted to contact this Court in order to seek a continuance . . . ." Plaintiffs' counsel states counsel "left a message with this Court's clerk, requesting that the status conference be continued until after Defendant had made its first appearance." Continuances are to be

sought in <u>filed</u> documents. Counsel should know that leaving a message with the "Court's clerk" is an insufficient means of seeking a continuance; counsel, not the "Court's clerk," is responsible for explaining in a timely <u>filed</u> request for a continuance that a continuance is sought and why it is sought.

Further, counsel could have explained the status of the case in a timely <u>filed</u> status report. The Order Setting Status (Pretrial Scheduling) Conference, filed April 20, 2009, prescribes:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order Setting Status Conf., Apr. 20, 2009, n. 1, p. 2. Plaintiffs' counsel indicates they had no obligation to comply with this directive in the April 20 Order.

Essentially, Plaintiffs' counsel blames "this Court's clerk" for counsel's blunder. However, the "Court's clerk" is not employed to help counsel comply with court orders. "[W]e expect an attorney practicing law in federal court to become familiar with and follow rules [and orders] applicable to practice in this court." <u>Dela Rosa v. Scottsdale Memorial Health Systems, Inc.</u>, 136 F.3d 1241, 1244 (9th Cir. 1998). "Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients." <u>Id.</u>

Plaintiffs' counsel should know that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be

2

cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa, 136 F.3d at 1244.

Since Plaintiffs' counsel failed to file a timely status report, and the response of Plaintiffs' attorney C. Brooks Cutter and/or the law firm Kershaw, Cutter & Ratinoff, LLP is insufficient to avoid imposition of a sanction, a sanction will be imposed. Therefore, Plaintiffs' attorney C. Brooks Cutter and/or the law firm Kershaw, Cutter & Ratinoff, LLP is sanctioned three hundred fifty dollars ($350.00) for failure to timely file a status report. This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury." Proof of payment shall be sent to the undersigned judge's chambers within five (5) days of payment. This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's client.

Dated: August 19, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge